OLIVER WALKER, *Appellant, vs.* CHARLES BRADBURY
*& ux., & als.*

Where lands specifically devised have been sold on license, and the proceeds have been appropriated to the payment of debts, by law and by the will chargeable upon the personal estate, the devisees are entitled to be first paid the value of the land, thus taken from them, out of the personal estate subsequently received; and the balance only is subject to distribution as personal estate.

A petition in writing, is not essential to the validity of a decree of the Judge of Probate, distributing the balance found in the hands of an executor or administrator on settlement of his account.

If the deceased die testate, still the distribution of undevised personal estate is within the jurisdiction of the Probate Court.

And it is immaterial whether it is to be regarded as intestate estate, because the will never operated upon it, or because it was relinquished by the widow to whom it was bequeathed.

THIS was an appeal from a decree of the Judge of Probate directing the executor of the will of *Daniel Walker* deceased, to pay over a balance in his hands to the devisees in the will of certain real estate, to repay them, as far as the same would go, for real estate devised to them, and sold by the executor by license of Court to pay the debts of the testator. *Daniel Walker* by his last will, gave legacies to his five eldest children to be paid from the personal estate " in full of their respective shares in his estate;" he gave all the personal property to the widow, subject to the payment of the debts and legacies ; and devised his real estate to his four youngest children, who are the now respondents. The widow relinquished the provision made for her in the will, and the Judge of Probate made an allowance to her out of the personal estate. The executor obtained license to sell real estate *for the payment of debts,* and sold all the real estate, and from it paid the debts, the allowance to the widow, *and the money legacies in full.* Recently the executor received a sum of money as a portion of the *French* indemnity, on a claim in favor of the estate for a vessel lost. The executor then renders his account, and claims to have the balance distributed among all the heirs, of whom his wife was one. The Judge of Probate refuses, and orders it to be paid over to the devisees of the real estate, from which an appeal is taken in behalf

of the other heirs at law.   The will was approved *July* 12, 1819; the real estate was sold in 1820, and 1821 ; the third account was rendered in *October*, 1822;   and the fourth and last account was rendered in *August*, 1836, and settled, and the decree made in 1837.

The argument was in writing, by *D. Goodenow*, for the appellants and heirs at law, and by *J. Shepley*, for the devisees and respondents.

For the appellants, it was argued, that the decree should be reversed : —

1. There is no petition or motion in writing, setting forth the facts upon which the decree is founded.

2. Because the Judge of Probate had no jurisdiction of the question ; either at common law, or by the statutes of the State.

3. The will was never intended to operate on this *French* claim, and it is, and always was undevised property, and ought to be distributed among the heirs at law in the same manner as if *Daniel Walker* had died intestate.

4. If this claim was intended to pass by the will, it was the fund out of which the debts were to be first paid ; and the debts having been long since all paid with the proceeds of property in his hands it cannot now be taken to pay these debts over again.   We rely upon the statute of limitations.   The land was rightly taken to pay the debts, and the devisees had not then, nor have they now any just cause of complaint against the executor, or against the other heirs, and cannot lawfully or equitably claim all this property. *Carter* v. *Thomas*, 4 *Greenl.* 344 ;   *Small* v. *Small*, *ib.* 225 ; *Brigham* v. *Cheever*, 10 *Mass. R.* 453 ;   *Houghton* v. *Hapgood*, 13 *Pick.* 154 ; 4 *Kent's Com.* 542 ;   *Willes*, 293 ; 3 *M. & Selw.* 300 ;   *Sargent* v. *Simpson*, 8 *Greenl.* 151 ; 1 *Story's Eq.* 539 ; 1 *Peters*, 217.

For the respondents, it was contended, that as the real estate of the devisees had been taken to pay the debts, when the personal estate was the fund specially designed for that purpose, the devisees were entitled to be substituted in the place of the creditors, and to receive this personal estate.   It is wholly immaterial whether this claim was devised to the widow and by her relinquished, or whether

it was property undevised. In either case the result would be the same. This question is not a new one, but has been decided *in principle* in several cases. *Hancock* v. *Minot,* 8 *Pick.* 29; *Houghton* v. *Hapgood,* 13 *Pick.* 154; *Grant* v. *Hapgood, ib.* 159; *Silver Lake Bank* v. *North,* 4 *Johns. Ch. R.* 370; *Cheeseborough* v. *Millard,* 1 *Johns. Ch. R.* 409; *Toller on Ex.* 420; 1 *Cov. & Rand's Powell on Mort.* 323, *note* 2; *same, vol.* 2, 871. This is the rule in equity. 1 *Story's Eq.* 533, 536, 537. This Court, sitting as the Supreme Court of Probate, has equity powers in all cases coming before them in that capacity. *Hancock* v. *Minot,* before cited.

*It is objected,* that there was no written request to the Judge of Probate to order distribution. There is no law requiring a written, or even verbal petition to order distribution of a balance found on settlement of an account, and it is the universal practice to do it without this formality. But the request to distribute the property in this case was made by the executor, to divide it between all the heirs, and not by the devisees.

It is also objected, that the Judge of Probate has no jurisdiction. If this were so, then the decree was a nullity, there was nothing to appeal from, and the appeal should be dismissed. But the distribution of undevised personal estate is exclusively within the jurisdiction of the Probate Court. Had we brought an action at law for a legacy, we should have been met with a far more formidable objection, that by the will, the personal property was given to the widow, and real estate alone to the children.

It is further objected, that the *French* claim was never devised to the widow. If it was " personal estate," it was given to her. But were it undevised personal estate, it was liable to the payment of debts before a specific devise of lands, and the result would be the same.

The fourth objection amounts to this, that because land specifically devised was sold to pay debts and money legacies, more than six years since, that therefore the appellants should become entitled to personal property, which had it been received earlier, most certainly would not have belonged to them. It is not perceived how the statute of limitations can possibly apply here. When the decree was made, the money had not been received a single year.

But no limitation runs against distributing personal property, found in the hands of an executor or administrator, to those who are legally entitled to it.

The case was continued for advisement, and the opinion of the Court was subsequently drawn up by

WESTON C. J. — Executors are to account with the Judge of Probate, who is authorized by law to examine and allow his accounts. *Statute* of 1821, *c.* 51, § 1. As incidental to this power, he has a right to direct the payment and distribution of moneys remaining in his hands, according to law. The first objection to the decree, from which this appeal is made is, that it is not based upon any petition or written motion, setting forth the facts, upon which it is founded. We do not hold that to have been necessary. The will, the probate, and subsequent proceedings in relation to the estate, remained of record in the probate office. These, which were under the eye and inspection of the Judge, would enable him to determine what ought to be the legal distribution of funds, which the executor had unexpectedly realized from a source, which had long been unavailable.

It is further insisted, that he had no jurisdiction of the subject matter. We think otherwise. Whatever may be said of the rights of legatees, in *intestate estates* it belongs to the Judge of Probate to order and decree, to each person legally entitled, his distributive share in the personal estate. And all the estate, which does not pass by will, is to be distributed in the same manner, as if the estate were intestate. *Daniel Walker*, the testator, after the payment of his just debts and certain legacies, gave his personal estate to *Mary*, his wife. She relinquished the provision made for her by the will, so that whatever would have otherwise come to her, is to be distributed as intestate estate. If there is any such estate to be distributed, it is the duty of the Judge to decree distribution. But it was within his jurisdiction to determine, whether there was any such estate. His decree excludes from distribution the funds in controversy, and if this is erroneous, the appeal is rightfully interposed. So far as the appellant is concerned, the question is, whether this estate ought to be distributed; and this is a question of probate jurisdiction. How far, if distribution

had been ordered, the devisees would have been concluded, or whether they would have had a right to claim the money, as received in trust for them, we are not called upon to determine.

It is contended, that the *French* claim was of so hopeless a character, that it could not have been regarded by the testator as available property, but that he must therefore have intended, that the real estate, although specifically devised, should, if necessary, be taken for the payment of his debts ; and hence that they have no right of reclamation from this fund. But it does not appear to us to make any difference, whether this is to be regarded as intestate property, because the will was not intended to operate upon it, or because the widow has relinquished her right under the will. We entertain no doubt however, that this property would have passed to his widow, but for her relinquishment. He gave to her his whole personal property, subject to debts and legacies. This would have carried the whole, whatever might have been the contingencies, and however unexpected, by which it might have been affected.

It remains to be decided, whether this is estate, which ought to be distributed, or whether the devisees have the better title to it. And we are of opinion, that the estate of the devisees having been taken to pay debts, for which the personal estate was legally charged, they have a right of reclamation upon the personal estate, which was subsequently received. They stood, by substitution, in the place of the creditors, as a surety does, who pays for the principal. The equity and justice of the case is precisely the same. The right of substitution is examined and recognized in *Cheeseborough* v. *Millard,* 1 *Johns. Ch. R.* 409. So it is also in *Hancock* v. *Minot,* 8 *Pick.* 29. *Wilde J.* there says, that when heirs pay a debt of the deceased, to prevent an execution from being levied on the real estate, which they inherited from him, or where the land of the intestate is sold by the administrators, for the payment of debts, the heirs have a right to be substituted in the place of the creditors. And there can be no difference in principle between heirs and devisees. From a deficiency in the personal assets, which was then supposed to exist, the estate of the devisees was taken from them, by a license from the Probate Court. It is now ascertained in the same Court, either that there is no deficiency, or that

it was less than it appeared to be. We entertain no doubt, that the same court may well sanction the payment to them of the personal assets, subsequently received, until they are remunerated for payments made from their funds for debts chargeable upon the personal estate. It is thus administered as it ought to be, for the payment of debts to the devisees, who are the substitutes of the creditors,